**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CAN CAPITAL ASSET SERVICING, INC., F/K/A NEWLOGIC BUSINESS LOANS, INC., | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION No. 9:19-cv-00071 |
| WHITAKER TRUCKING, LLC, a Texas limited liability company D/B/A WHITAKER TRUCKING and DARRYL WHITAKER A/K/A DARRYL WAYNE WHITAKER, Individually, | § § § § § § | |
| *Defendants*. | § | |

<u>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFAULT JUDGMENT**</u>

Plaintiff CAN Capital Asset Servicing, Inc. ("CCAS") filed this civil action against Defendants Whitaker Trucking, LLC and Darryl Wayne Whitaker ("Defendants") on April 29, 2019 bringing three causes of action against Defendants: breach of contract, breach of personal guaranty, and enforcement of security interest/collateral. (Doc. #1 at 4-5).

The court referred this case to the Honorable Keith Giblin, United States Magistrate Judge, for all pretrial matters. The court has received and considered the report (Doc. No. 13) of the magistrate judge, who recommends that the court grant Plaintiff's "Motion for Default Judgment" (Doc. No. 12) and enter final judgment.  No objections to the report and recommendation have been filed.  After considering the motion and the record, the court's independent review confirms that the magistrate judge's analysis is correct.

1

## BACKGROUND

Defendant Whitaker Trucking, LLC ("Whitaker Trucking") is a licensed and bonded freight shipping and trucking company running freight hauling business from Nacogdoches, Texas. Defendant Darryl Whitaker is the owner of Whitaker Trucking.  On or about February 1, 2016, Whitaker Trucking entered into a Business Loan Agreement ("Agreement") with WebBank, pursuant to which WebBank loaned the principal amount of $101,810.00 to Whitaker Trucking. (Doc. #1-1 at 2). WebBank assigned the Agreement to Plaintiff CCAS on February 5, 2016. *Id*. Pursuant to the terms and conditions of the Agreement, Whitaker Trucking agreed to pay the repayment amounts to CCAS.  As part of the Agreement, Defendant Darryl Whitaker executed a personal guaranty for Whitaker Trucking's payments to CCAS. (Doc. #1 at 3). Upon information and belief Defendants' last payment was on May 27, 2016, thereafter, Defendants stopped making payments, breaching the Agreement.

In the Original Complaint, Plaintiff brings three causes of action against Defendants: breach of contract, breach of personal guaranty, and enforcement of security interest/collateral. (Doc. #1 at 4-5). Plaintiff alleged damages in the amount of $80,938.94. *Id*. at 4. Plaintiff properly issued summons and had process served on the Defendants. Summons were returned executed for Defendants on May 17, 2019. (Doc. 5 and 6). Answers to the Complaint were due May 29, 2019. *Id*.  The record shows Defendants have willfully failed to answer or otherwise defend within the time permitted by the Federal Rules.

On December 26, 2019, Plaintiff requested the Clerk's entry of default against Defendants, supported by the necessary affidavit.  (Doc. #8).  That same day, the Clerk entered default against the defendants in accordance with FED. R. CIV. P. 55.  *See Entry of Default* (Doc. #11). Subsequently, on January 2, 2020, Plaintiff filed a motion for default judgment. (Doc. #12).  A

default judgment motion hearing was held on January 23, 2020 and Plaintiff's total damages were found to be $80,938.94. Defendant Darryl Whitaker refused service of the Report and Recommendation on March 10, 2020. (Doc. #15). Defendant Whitaker Trucking refused service of the Report and Recommendation on March 26, 2020. (Doc. #17).  Defendants have not responded to the motion for default judgment or the report and recommendation and have not appeared in any other manner. This supports the court's conclusion that Defendants' failure to answer or otherwise respond is willful.

## ANALYSIS

*Legal Standard*

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Under Rule 55, it is a three-step process: (1) default; (2) the entry of default; and (3) the subsequent entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010).  The second step requires the clerk of court to enter default:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a).  After the clerk enters default, the clerk may enter a default judgment only if the claim is "for a sum certain or a sum that can be made certain by computation."  FED. R. CIV. P. 55(b)(1).  When the amount of the claim is not certain and cannot be made certain:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

FED. R. CIV. P. 55(b)(2).  The court may conduct a hearing if necessary to:

       (A) conduct an accounting;

       (B) determine the amount of damages;

       (C) establish the truth of any allegation by evidence; or

       (D) investigate any other matter.

*Id.* Entry of a default judgment is completely within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law of the circuit sets out factors for courts to consider when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

### *Default Judgment Application*

In the present case, the facts asserted in the complaint are well-pleaded, as the plaintiff's factual allegations show a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Because Defendants have failed to answer the complaint, Defendants admit Plaintiff's well-pleaded allegations of fact – apart from those relating to the amount of damages – and "is barred from contesting on appeal the facts thus established." *Frame v. S-H, Inc.,* 967 F.2d 194, 205 (5th Cir. 1992). Likewise, due to the defendants' failure to answer, the entry of default by the Clerk was appropriate. *See id.* For these reasons, default judgment may be lawfully entered. *See Thomas v. Wooster,* 114 U.S. 104, 113 (1885) (default judgment may be lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true").

Defendants have not answered the complaint or otherwise defended the matter, nor have they indicated intent to appear or otherwise respond.  Based on this procedural history and the efforts expended to date by Plaintiff and their counsel, Plaintiff will be substantially prejudiced if default judgment is denied. The record indicates that the plaintiff successfully perfected service of process on the defendants. (Doc. #s 5 and 6). The defendants did not answer or otherwise respond to the complaint. The Clerk entered default, and the plaintiff subsequently filed the motion for default judgment. The procedural requirements of Rule 55 are satisfied.

There is no evidence of good faith mistake or excusable neglect on the defendant's part. Moreover, a finding of willful failure to answer a complaint is sufficient reason for granting a motion of default judgment. *See CJC Holdings v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992), *rev'd on other grounds*, 989 F.2d 791 (5th Cir. 1993); *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, 2013 U.S. Dist. LEXIS 168905, at *9 (E.D. Tex. Nov. 26, 2013) (Clark, J.) (adopting recommendation of Hawthorn, J.).

*Damages*

Having considered the requested damages and the supporting documents showing entry of default, the court concludes that the damages sought by the plaintiff as a result of the defendants' default in this case, $80,938.94, are proper.  The plaintiff's complaint, taken as true, establishes that the defendants failed to honor the contractual obligations in the business loan agreement and to make repayment to CCAS.  Defendants have failed to carry the heavy burden of proof in showing that the defendants' actions were both reasonable and in good faith, as it has failed completely to answer plaintiff's complaint. For these reasons, the court finds the award of damages in the amount equal to the plaintiff's contractual obligations appropriate.

*Attorney's Fees and Costs*

Plaintiff has established that they are entitled to attorneys' fees in the amount of $12,000.00.  The plaintiff's attorney in this case has supported the thirty percent (30%) contingency structure in an affidavit (Doc. 12-5), and with testimony during the hearing on the motion for default judgment. In a Texas contract case, lodestar evidence is not required for contingency fee awards. *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 Fed. Appx. 985, 999, 2015 U.S. App. LEXIS 2890, *34, 2015 WL 795822.

Plaintiff's counsel is an attorney with forty years of experience.  He has obtained a judgment for the full amount owed. Further, the contingency fee in this case would amount to $24,281.40, but counsel has exercised billing judgment by subtracting $12,281.40 because this is a default judgment case. (Doc. #12-5 at 2).  Defendants have made no showing that this fee is unreasonable.  Based on amount recovered, the court finds that the amount requested under this contingency fee contract is very reasonable. Accordingly, Plaintiff is entitled recover $12,000.00 in attorneys' fees.

Plaintiff has also requested costs of court of $400.00 for the filing fee. Plaintiff discussed costs with the court on January 23, 2020 at the hearing on the motion for default judgment. Filing fees are an  authorized under 28 U.S.C. § 1920. The court finds these fees reasonable and necessary.  Plaintiff is entitled to $400.00 in costs.

*Interest*

"[T]he purpose of pre-judgment interest is to put a plaintiff in the position he would have been in had he had his trial and recovered his judgment immediately after his injury." *Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 507 (5th Cir. 2002) (internal citations and quotations omitted). Under 28 U.S.C. § 1961(a), in diversity cases, pre-judgment interest rates are governed by state law, while

post-judgment interest is calculated at the federal rate. *See Boston Old Colony Ins. Co. v. Tiner Assoc's., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). As this is a diversity case applying Texas law, Texas law governs the award of pre-judgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011).

The Texas Supreme Court has held that for common law claims such as breach of contract "pre-judgment interest accrues at the rate for post-judgment interest and it shall be computed as simple interest." *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998). *See Arete*, 643 F.3d at 415 ("Thus, under Texas law, whether entitlement to prejudgment interest is derived from statute or, as in this case, equity, 'prejudgment interest accrues at the rate for post-judgment interest and [is] computed as simple interest.'") (quoting *Johnson*, 962 S.W.2d at 532). Under the Texas Financial Code, the post-judgment rate is equal to "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation" or "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System . . . is less than five percent." TEX. FIN. CODE ANN. § 304.003(c)(1)(2). At the time of this order, the Texas Office of Consumer Credit Commissioner published a judgment rate of 5.00%. *See* http://occc.texas.gov/publications/interest-rates (last visited Apr. 23, 2020).

Pre-judgment interest accrues "during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." TEX. FIN. CODE ANN. § 304.104. In the present case, the earlier of these two dates May 17, 2019, the day that Plaintiff filed suit. (Doc. #s 5 and 6. One-hundred and eighty days after notice, which occurred on November 13, 2019, 2019, is the much later date of May 17, 2019. Therefore,  the court  will award pre-judgment interest on

Plaintiff's $80,938.94 damages award in an amount of 5.00% per annum, simple interest from May 17, 2019 to the filing of this judgment.

Plaintiff's post-judgment interest will be calculated pursuant to 28 U.S.C. § 1961 from the date of the default judgment, until the default judgment is satisfied. *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.,* 718 F.3d 448, 456-57 (5th Cir. 2013).  Post-judgment interest is calculated "at the rate equal to the weekly average one-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a).  Interest shall be computed daily to the date of payment and compounded annually. *See* 28 U.S.C. § 1961(b).  Accordingly, the court finds that post-judgment interest at the rate specified by 28 U.S.C. § 1961 should be applied to the award of damages upon entry of default judgment in favor of Plaintiff.

## CONCLUSION

The magistrate judge's report and recommendation (Doc. No. 13) is **ACCEPTED**, and Plaintiff CAN Capital Asset Servicing, Inc.'s Motion for Default Judgment (Doc. No. 12) is **GRANTED**.  Plaintiff CAN Capital Asset Servicing, Inc. shall recover $80,938.94 in damages, $12,000.00 in attorneys' fees, and $400.00 in court costs, for a total award of $93,338.94, from Defendants Whitaker Trucking, LLC and Darryl Wayne Whitaker, jointly and severally, together with prejudgment interest at the rate of 5% per annum simple interest on all sums awarded, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961 from the date of the final judgment, until the judgment is satisfied.  A final judgment will be entered separately.

So **ORDERED** and **SIGNED**, May 4, 2020.

Ron Clark
Senior Judge